UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMADEUS EUGENE GLENN,

        Petitioner,

                                           CASE NO. 1:08-CV-1002

v.

                                           HON. ROBERT J. JONKER

JOHN PRELESNIK,

        Respondent.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

       The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 32) and Petitioner's Objections to Report and Recommendation (docket # 33). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Petitioner's Objections.  The Magistrate Judge recommends that the Court deny Petitioner's petition for a writ of habeas corpus.  After its review, the Court finds the Report and Recommendation to be both factually sound and legally correct.  Petitioner raises several objections, all of which in essence reassert and supplement claims raised in his habeas petition.  Petitioner reiterates his arguments that certain comments the prosecutor made during his trial were so inflammatory as to deprive Petitioner of a fair trial and that Petitioner's defense counsel provided constitutionally ineffective assistance by not objecting to those comments.  The Report and Recommendation already addresses those claims thoroughly and appropriately.  Petitioner also objects to the Magistrate Judge's conclusion that there is no reasonable probability that disclosure of prosecution witness David Johnson's unsuccessful plea negotiations concerning an unrelated charge would have led to a different result in Petitioner's trial.  The objection is not persuasive.  In addition to the reasons the Report and Recommendation delineates, the Court notes that the exchange at trial among counsel concerning self-incrimination makes it clear that all parties were aware of the arson charge against Mr. Johnson.  That much was available for use by defense counsel during cross examination of Mr. Johnson, had counsel chosen to pursue it.  Beyond that, there was no actual plea offer from the prosecutor pending.  During closing arguments, the parties hardly referred to Mr. Johnson's testimony, focusing their closing arguments on the defendant's confession and the co-defendant's testimony.  The Court agrees with the Magistrate Judge that there is no reasonable probability that disclosure of Mr. Johnson's unsuccessful plea negotiations concerning an unrelated charge would have led to a different result in Petitioner's trial.

The Magistrate Judge carefully and thoroughly considered the record in the case and properly applied the law to the facts. Nothing in the objections changes the analysis.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). The Court does not believe that reasonable jurists would find its assessment of the constitutional claims debatable or wrong. Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 32) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's request for a Certificate of Appealability is **DENIED**.

Dated:     September 26, 2012               /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            UNITED STATES DISTRICT JUDGE